No. 03-14-00401-CR

IN THE

COURT OF APPEALS

FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

FILED
February 23, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

JOHNNY FLORES NAVARRO,
APPELLANT.

VS.

THE STATE OF TEXAS,
APPELLEE.

FROM THE 51ST JUDICIAL DISTRICT COURT
OF TOM GREEN COUNTY, TEXAS
HONORABLE TOM GOSSETT, DISTRICT JUDGE PRESIDING

APPELLANT'S BRIEF

FILED by:
JOHNNY FLORES NAVARRO, PRO SE
TULIA TRANSFER FACILITY. # 1931583
4000 HWY. 86 WEST
TULIA, TEXAS 79088

RECEIVED
FEB 2 3 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL ___ 3.

INDEX OF AUTHORITIES ___ 4.

STATEMENT OF THE CASE ___ 5-6.

POINTS OF ERROR ___ 7.

STATEMENT OF FACTS ___ 8-12.

SUMMARY OF ARGUMENT ___ 13.

ARGUMENT ___ 14-20.

PRAYER ___ 21.

CERTIFICATE OF SERVICE ___ 22.

# PARTIES AND COUNSEL

COUNSEL FOR STATE OF TEXAS: JOHN BEST

ASSISTANCE DISTRICT ATTORNEY. STATE BAR NO. 00796203 124 W. BEAUREGARD SAN ANGELO, TEXAS 76903

MEAGHAN WHITE ASSISTANCE DISTRICT ATTORNEY. STATE BAR NO. 24060973. 124 W. BEAUREGARD SAN ANGELO, TEXAS. 76903

APPELLANT: JOHNNY FLORES NAVARRO.

APPELLANT'S TRIAL COUNSEL: CHARLES KING STATE BAR NO. 11436525 101 S. PARK SAN ANGELO, TEXAS 76901 (325) 658-7991

APPELLANT'S APPELLATE COUNSEL: JIMMY STEWART 101 S. PARK SAN ANGELO, TEXAS 76901 (325) 658-1532. STATE BAR NO. 19211300

# INDEX OF AUTHORITIES

PAGE

C.C.P. ARTS, 21.01; 21.02; 27.08; 27.09; 15.21 — 14.

C.C.P. ARTS, 15.17; 15.21. — 15.

TEX. RULES OF EVID. 404(b). — 16.

C.C.P. 37.07 — 17.

FOURTEENTH AMEND, 14TH — 17.

TEX. CONST. AMEND. 1, V. & 10. — 18.

EX PARTE RANDALL 768 S,W.2d. 281. — 18.

FOURTEENTH AMEND, 14TH — 18.

CRIMINAL LAW 2033 —

FOURTEENTH AMEND 14TH — 20.

PRAYER — 21.

CERTIFICATE OF SERVICE — 22.

# STATEMENT OF THE CASE

THE DEFENDANT, JOHNNY FLORES NAVARRO, WAS INDICTED FOR ASSAULT/FAMILY VIOLENCE/IMPEDING BREATH OR CIRCULATION, A THIRD-DEGREE FELONY. THE CHARGE WAS ENHANCED TO HABITUAL STATUS BY TWO PRIOR FELONY CONVICTIONS.

POLICE WERE CALLED TO THE SAN ANGELO LODGE IN JANUARY OF 2013 BY MOTEL EMPLOYEES WHO HEARD WHAT SOUNDED LIKE A DISTURBANCE IN ONE OF THE MOTEL ROOMS. WHEN THE INITIAL RESPONDING OFFICER ARRIVED, HE MET WITH MINERVA LOPEZ. SHE APPEARED TO HAVE INJURIES ON HER FACE AND ARMS AND TOLD THE OFFICER THAT SHE HAD BEEN ASSAULTED BY HER BOYFRIEND JOHNNY NAVARRO. AT THE TRIAL, MINERVA NAVARRO (FORMERLY MINERVA LOPEZ) TESTIFIED THAT JOHNNY NAVARRO REFUSED TO LET HER LEAVE THE MOTEL ROOM. SHE SAID THAT HE HELD HER ON THE FLOOR AND COVERED HER NOSE AND MOUTH WITH HIS HAND. SHE SAID SHE WAS UNABLE TO BREATHE. SHE DID NOT TESTIFY AT TRIAL THAT MR. NAVARRO HAD STRUCK HER. ON CROSS-EXAMINATION, MS. NAVARRO ADMITTED THAT SOME MONTHS AFTER THE ABOVE-REFENCED INCIDENT, SHE HAD SIGNED TWO STATENTS SAYING THAT MR. NAVARRO DID NOT ASSAULT HER.

SHE ALSO ADMITTED TO TELLING HER doctor THAT THE ASSAULT did NOT OCCUR. FINALLY, SHE TOLD MR. NAVARRO'S PAROLE THAT HE did NOT ASSAULT HER. DESPITE THESE CONTRADICTIONS IN HER TESTIMONY, THE TRIAL COURT FOUND MR. NAVARRO GUILTY OF THE OFFENSE. THE COURT ALSO FOUND THAT IT WAS TRUE THAT MR. NAVARRO HAD BEEN FOUND GUILTY OF THE TWO PRIOR OFFENSES AND SENTENCED HIM TO 30 YEARS IN THE PENITENTIARY.

# POINTS OF ERROR

1). THERE WAS ERROR CONCERNING THE INDICTMENT.
2). EVIDENCE OF EXTRANEOUS OFFENSES.
3). KNOWING OR UNKNOWINLY PERJURED.
4). INSUFFICIENT EVIDENCE.
5). INEFFECTIVE ASSISTANCE OF COUNSEL.

# STATEMENT OF THE FACTS

THE DEFENDANT, JOHNNY FLORES NAVARRO, A.K.A. JUAN FLORES NAVARRO, A.K.A. JOHNNY NAVARRO WAS INDICTED ON MAY 7, 2013 BY A TOM GREEN COUNTY GRAND JURY FOR THE OFFENSE OF ASSAULTING MINERVA LOPEZ, A PERSON WITH WHOM THE DEFENDANT HAD A DATING RELATIONSHIP, BY IMPEDING THE NORMAL BREATHING OR CIRCULATION. THE INDICTMENT ALSO CONTAINS TWO ENHANCEMENTS PARAGRAPHS ALLEGING THAT THE DEFENDANT HAD PRIOR CONVICTIONS FOR INJURY TO A CHILD AND BURGLARY OF A VEHICAL. THE DEFENDANT PLED NOT GUILTY TO THE ASSAULT AND NOT TRUE TO EACH ENHANCEMENT.

THE STATE FIRST OFFERED TWO RECORDING OF 911 CALLS. (RR VOL. 2, P. 19) THE STATE'S EXHIBIT #1 IS A RECORDING OF A 911 CALL FROM A LADY WHO IDENTIFIES HERSELF AS A HOUSEKEEPER AT THE SAN ANGELO LODGE. SHE STATES THAT A WOMAN INSIDE A ROOM IS YELLING FOR HELP AND THAT HER BOYFRIEND IS ASSAULTING HER. THE HOUSEKEEP LATER STATES THAT THE TWO PEOPLE HAVE EXITED THE ROOM, THE MALE GETS IN A VEHICAL AND DRIVES AWAY. IN THE RECORDINGS WHICH IS STATES EXHIBIT #2, THE CALLER SAYS THAT SHE WORKS AT

PG. 8.

San Angelo Lodge and has received a call from a lady in one of her rooms. She says that the caller is requesting help and that she thinks her boyfriend may be hitting her. The 911 operator asks to whom the room is rented and the response is that it is rented to Juan Navarro.

The front desk clerk who called 911 was called as a witness and identified the defendant as the person who rented the room under the name Juan Navarro. (RR Vol. 2, P. 24)

Next, the police officer who responded to the call testified that, when he arrived at the scene, Minerva Lopez had visible injuries and was distraught. (RR Vol. 2, P. 29). According to the police officer, Ms. Lopez said that her boyfriend punched her, threw her to the ground and held his hand over her mouth and nose. (RR Vol. 2, P. 29) The officer testified that he took pictures of Ms. Lopez and three of those photographs were entered into evidence. (RR Vol. 2, P. 31). Minerva Lopez was called to testify and stated that she and her boyfriend, Johnny, had been living at the San Angelo Lodge (RR Vol. 2 P. 39) She said

Pg. 9.

That Johnny is also known as Juan Navarro. (RR VOL. 2, P. 39) She said that the two of them had a romantic relationship and had previously lived at her "place". (RR VOL. 2, P. 40) She stated that, on the day of the incident she told the defendant that she wanted to leave and go live with her sisters and when she tried to leave the defendant held her down on the floor and put his hands over her mouth such that she could not breath. (RR VOL. 2, P. 42) She further testified that he was holding his hand over her mouth because she had started screaming. (RR VOL. 2, P. 43) Ms. Lopez went on to say that she and the defendant married at some point after the incident she described. (RR VOL. 2, P. 48) She said that the asked her to write out another statement that contradicted the statement she had given to the police at the time of the incident. (RR VOL. 2, P. 48) She said that the defendant typed the statement and asked her to sign it. (RR VOL. 2, P. 49) She said that the statement that the defendant prepared was not true, but that he asked her to sign it so that he would not go back to prison. (RR VOL. 2, P. 50)

Pg. 10.

ON CROSS EXAMINATION, THE VICTIM STATED THAT SHE HAD ATTEMPTED SUICIDE ON MORE THAN ONE OCCASION. ON TWO OF THOSE ATTEMPTS, SHE HAD SWALLOWED A NUMBER OF PILLS. (RR VOL. 2, P. 54) A STATEMENT SIGNED BY THE VICTIM WAS INTRODUCED INTO EVIDENCE. IN THAT STATEMENT, THE VICTIM SAID THAT THE STATEMENT SHE HAD GIVEN TO POLICE WHEN THE DEFENDANT WAS ARRESTED WAS A FALSE STATEMENT. SHE SAID THAT WHAT HE HAD DONE ON THAT DAY WAS TO TRY TO KEEP HER FROM TAKING AN EXCESS OF MEDICATION. (RR VOL. 2, P. 58). MS. LOPEZ FURTHER STATES THAT SHE REFUSED MEDICAL TREATMENT ON THE DAY OF THE INCIDENT BECAUSE SHE HAD TAKEN PILLS TO IN A SUICIDE ATTEMPT. (RR. VOL. 2, P. 59). ALSO ADMITTED WAS ANOTHER STATEMENT THAT THE VICTIM SIGNED SAYING THAT THERE WAS NO VIOLENCE, THAT IT WAS ALL A MISUNDERSTANDING AND THAT SHE DID NOT WANT TO FILE CHARGES. THE STATEMENT ALSO SAYS THAT SHE WAS MAD AND UNDER PSYCHIATRIC MEDICATION. (RR VOL. 2, P. 60). ON CROSS EXAMINATION BY THE DISTRICT ATTORNEY MS. LOPEZ STATED THAT SHE WAS SCARED OF THE DEFENDANT AND THAT'S WHY SHE SIGNED THE STATEMENTS THAT WERE ADMITTED AS DEFENSE EXHIBITS. (RR VOL. 2, P. 64). MS. LOPEZ ALSO TESTIFIED THAT SHE HAD

Pg. 11.

ANOTHER ALTERCATION WITH THE DEFENDANT (P.5) OVER SLEEPING PILLS. SHE SAID THAT SHE TOOK ONE SLEEPING PILL AND WAS going TO TAKE ANOTHER ONE SEVERAL HOURS LATER. THE TWO OF THEM ARGUED. THE DEFENDANT READ THE SLEEPING PILL BOTTLE AND THREW IT AT HER. THE BOTTLE HIT HER ON THE FACE. (RR VOL. 2, P. 65).

ON FURTHER EXAMINATION BY DEFENSE COUNSEL, THE VICTIM TESTIFIED THAT SHE HAD NEVER SAID THAT SHE WOULD LIKE TO TAKE A GUN AND blow HER BRAINS OUT. (RR VOL. 2, P. 53) WHEN SHE WAS LATER ASKED THAT, HER RESPONSE WAS THAT SHE did NOT RECALL EVER HAVING SAID THAT SHE WANTED TO get A GUN AND blow HER BRAINS OUT. (RR VOL. 2, P. 68) LATER, STILL, THE VICTIM ADMITS THAT SHE did SAY SHE WOULD LIKE TO get A GUN AND SHOOT HERSELF. (RR VOL. 2, P. 73). THE VICTIM ALSO ADMITTED THAT SHE TOLD HER doctor THAT SHE HAD LIED ABOUT HER BOYFRIEND ASSAULTING HER. (RR VOL. 2, P. 74) THE DEFENSE CALLED A PAROLE OFFICER (DEFENDANT'S PAROLE OFFICER) WHO WAS FAMILIAR WITH SWORN TESTIMONY WHICH THE VICTIM HAD GIVEN AT A PAROLE HEARING (PROCEEDING). THE OFFICER TESTIFIED THAT THE VICTIM'S TESTIMONY AT THE PAROLE HEARING WAS THAT HER HUSBAND did NOT ASSAULT HER IN JANUARY, 2013. (RR VOL. 2, P. 95).

# SUMMARY OF ARGUMENT

1). THERE WAS ERROR IN THE INDICTMENT. IT DOES NOT MEET THE REQUIREMENTS OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

2). DEFENSE ATTORNEY WAS INEFFECTIVE; TRIAL COURT ERRED IN ADMITTING EVIDENCE OF EXTRANEOUS OFFENSES AT GUILT/INNOCENCE PHASE OF TRIAL. DEFENSE ATTORNEY DID NOT OBJECT TO THE EXTRANEOUS OFFENSES AT GUILT/INNOCENCE PHASE OF TRIAL.

3). THE STATE PROSECUTOR KNOWIN OR UNKNOWINLY USED PERJURED TESTIMONY TO OBTAIN A CONVICTION.

4). THE TRIAL COURT MADE DETERMINATIONS TO OBTAIN A CONVICTION THROUGH PERJURED TESTIMONY, ADMITTING EVIDENCE OF EXTRANEOUS OFFENSES. THE TRIAL COURT DID NOT PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT COMMITTED THE ALLEGE ASSAULT BASED ON THE INSUFFICIENT OF THE EVIDENCE.

# ARGUMENTS

1). THERE WAS ERROR IN THE INDICTMENT. IT DOES NOT MEET THE REQUISITES OF ARTICLE 21.01; 21.02; 27.08; 27.09, TEX. CODE CRIMINAL PROCEDURES, AND TEX. CODE CRIMINAL PROCEDURE, ARTS, 15.17; 15.21.

APPELLANT WILL SHOW THE HONORABLE JUSTICES OF THIS COURT THAT ON MARCH 06, 2013, HE WAS ARRESTED IN THIS CASE, AND booked ON A "CLASS-A" MISDEMEANOR FAMILY ASSAULT. APPELLANT WAS TOLD BY JAIL OFFICERS THAT HE WAS IN JAIL FOR CLASS-A MISDEMEANOR, AND ALSO A PAROLE hold. ON OR ABOUT MARCH 23, 2013, APPELLANT WAS TAKEN TO A PAROLE PRELIMINARY hEARING. DURING the COURSE OF THE HEARING, THE PAROLE SUPERVISOR, ASKED APPELLANTS PAROLE OFFICER WHAT WAS THE STATUS OF THIS CASE. THE PAROLE OFFICER SAID, THAT HE HAD JUST TALKED WITH THE PROSECUTING "D.A.", ATTORNEY, HAD INFORMED HIM THAT APPELLANT HAD A FELONY PENDING. (SEE "EXHIBIT-A" (1) (A) (bottom of the page).

(R. ) 14,)

APPELLANT WOULD SHOW THE COURT THAT THE INDICTMENT STATES THAT THE GRAND JURORS FOR THE COUNTY OF TOM GREEN, STATE OF TEXAS, DUN SELECTED, IMPANELED, SWORN, CHARGED AND ORGANIZED AS SUCH AT THE JANUARY TERM, A.D. 2013, UPON THEIR OATHS PRESENT THAT DEFENDANT ON OR ABOUT THE 15TH DAY OF JANUARY, 2013, DWAS CHARGED WITH THE OFFENSE IN THIS CASE. "EXHIBIT-A" ATTACHED HEREIN THIS APPELLANT BRIEF STATES THAT A FELONY WAS PENDING. APPELLANT WOULD SHOW THE COURT IN (COURT R/R PAGES, 137-139), THAT HE WAS NEVER INFORMALLY CHARGE WITH A FELONY, AND THAT THE INDICTMENT WAS FILED ON MAY 07, 2013, WITHOUT APPELLANT BEING CHARGED, AND HE WASN'T TAKEN TO A MAGISTRATE PURSUANT TO TEXAS CODE CRIMINAL PROCEEDURE ARTS. 15.17; 15.21. STATE did NOT COMPLY WITH C.C.P. § 15.17. THERE WAS NEVER A COMPLAINT FILE OR ANY PAPER WORK SHOWING THAT APPELLANT WAS CHARGED OR ANYTHING FILED WITH J.P. OF THE COURT. SEE COURT R/R PAGES 137-139). THE INDICTMENT does NOT SHOW THAT IT IS A ("TRUE BILL"):

PAGE- 15.

APPELLANT WAS NEVER CHARGED WITH THE FELONY, AND THE COUNTY ATTONEY NEVER CHARGED HIM WITH THE CLASS-A Misd.

IN APPELLANT'S SECOND POINT OF ERROR, HE WOULD SHOW THE COURT THAT DEFENSE COUNSEL WAS INEFFECTIVE WHEN HE did NOT OBJECT TO THE STATES INSTRUCTION OF EVIDENCE OF EXTRANEOUS OFFENSES. THE COURT ERRED WHEN IT ALLOWED, AND Admitted EVIDENCE OF EXTRANEOUS OFFENSES AT GUILT/INNOCENSE PHASE OF TRIAL. SEE (COURT (R/R PAGE 81; 83-89). THE STATE PROSECUTOR CALLED OFFICER TONY LOPEZ TO TESTIFY ON A REFERENCE CASE OF FEBRUARY 09, 2014, AND THE STATE SHOWED PHOTOS OF THE STATE WITNESS IN THAT CASE. EVIDENCE OF EXTRANEOUS "UNADJUDICATED" OFFENSES ARE INADMISSIBLE PURSUANT TO TEXAS RULES OF EVIDENCE 404(b). THE STATE did NOT PROVIDE NOTICE OF INTENT TO INTRODUCE such EVIDENCE TO THE dEFENDANT IN A MANNER SPECIFIED bY TEXAS RULES OF EVIDENCE 404(b), which STATES THAT holding such EVIDENCE IS INADMISSIBLE. SEE COURT OF CRIMINAL PROCEEDURE ART. 37.07.

PAGE-16.

APPELLANTS CONSTITUTIONAL RIGHTS WERE VIOLATED PRESCRIBED by THE FOURTEENTH AMENDMENT 14TH TO THE UNITED STATES CONSTITUTION, And he did NOT RECEIVE A FAIR TRIAL. THE STATE did NOT ALLEGE THE EVIDENCE OF EXTRANEOUS OFFENSES ANYWHERE IN TRIAL RECORD PRIOR TO TRIAL THAT STATE WAS going TO INTRODUCE THE CASE OF FEBRURY 09, 2014, WHICH IS NOT RELEVRANT TO THE ALLEGE CASE OF JANURAY 2013. IT IS A VIOLATION OF DUE PROCESS And EQUAL PROTECTION 14TH, And DUE COURSE OF LAW, AMEND. 1, V. & 10, TEXAS CONSTITUTION. Thus, IT IS CLEAR THAT THE INADMISSIBLE EVIDENCE INTRODUCED by THE STATE PROSECUTOR AT GUILT/ INNOCENCE PHASE OF TRIAL, NOT ONLY HARM APPELLANT by VIOLATING his Rights, And denying him A FAIR TRIAL. THESE ERRORS CONTRIBUTED To his CONVICTION. IN APPELLANT'S THIRD PIONT OF ERROR, I WOULD NOW MOVE TO Show THE COURT THAT THE STATE PROSECUTOR, KNOWIN OR UNKNOWNly USED PERJURED TESTIMONY TO OBTAIN A CONVICTION, And THE COURT FAILED TO CORRECT IT, And ALLOWED IT TO STAND.

PAGE- 17.

APPELLANT POINTS OUT IN COURT R/R PAGES 111-112. THERE IS EVIDENCE THAT INDICATE THAT THE ALLEGE VICTIMS TESTIMONY WAS NOT CREDIBLE. APPELLANT WOULD SHOW IN EX PARTE RANDALL, 768 S.W. 2d 281 (TEX. CRIM. APP. 1989) THAT STATES WHEN A PROSECUTOR KNOWING AND INTENTIONALLY USES PERJURED TESTIMONY IN OBTAINING A CONVICTION VIOLATES THE DEFENDANT'S DUE PROCESS RIGHT'S AND DENIES HIM A FAIR TRIAL. FOURTEENTH 14TH AMEND. U.S.C.A. A PROSECUTORS KNOWING FAILURE TO CORRECT PERJURED TESTIMONY, EVEN IF IT RELATES SOLELY TO THE CREDIBILITY OF THE WITNESS, CONSTITUTES A VIOLATION OF DUE PROCESS. TO SUPPORT HIS CLAIM, APPELLANT RELIES UPON STATEMENTS MADE BY STATE WITNESS. SEE COURT R/R PAGES 111-112. CRIMINAL LAW 2033. STATES THAT THE COURT OF CRIMINAL APPEALS TREATS PERJURED TESTIMONY AS KNOWINGLY USED IF THE WITNESS WAS A MEMBER OF THE PROSECUTION TEAM. APPELLANT WOULD NOW SHOW THE COURT THAT ON MARCH 10, 2014, THE STATE WITNESS TESTIFIED UNDER OATH AT THE "A.L.J." HEARING THAT APPELLANT HAD NEVER ASSAULT HER, ON JANUARY 2013, AND THAT SHE HAD LIED TO

PAGE-18.

THE POLICE, AND HAD MADE A FALSE STATEMENT BECAUSE WAS ANGRY AND UNDER PSYCHIATRIC MEDICATION. SHE ALSO STATED THAT SHE HAD BEEN HALLUCINATING. ON JANUARY 25, 2013, ONLY TEN DAYS AFTER THE ALLEGED INCIDENT, STATE WITNESS TOLD HER DOCTOR THAT SHE HAD EXPERIENCE TWO EPISODES OF HALLUCINATION. COURT R/R PAGES 72-73. APPELLANT REQUESTED THAT DEFENSE ATTORNEY WOULD OBTAIN RECORDS FROM AN "A.L.J." HEARING OF APRIL 03, 2013, BECAUSE STATE WITNESS ADMITTED THAT APPELLANT HAD ATTEMPTED TO SAVE HER ON THREE DIFFERENT OCASSIONS IN 2012, COURT R/R PAGE 95. WHERE STATE WITNESS TRIED TO DRIVE HER CAR INTO THE LAKE. DURING THE TRIAL, STATE PROSECUTAR DID NOT ALLOW THIS EVIDENCE TO BE SUBMITTED. SEE COURT R/R PG. 95. ON OR ABOUT JUNE-JULY 2013, APPELLANT TOOK STATE WITNESS TO THE E.R. AT SHANNON HOSPITAL, SAN ANGELO, TEXAS, BECAUS SHE HAD ATTEMPTED ANOTHER SUICIDE. THESE ARE RECORDS THAT EXIST, BUT DEFENSE COUNSEL DID NOT SECURE THEM. APPELLANT HAS EXPLAINED IN EACH CASE THAT IT SUPPORTS ONE OR MORE OF HIS POSITIONS; THE FACTS HEREIN CALL FOR A DIFFERENT RESULT OR LEGAL CONCLUSION.

IN THIS CASE, APPELLANT CLAIMS "<u>POSSIBLE-PERJURY</u>" BY THE PROSECUTION WITNESS IN VIOLATION OF THE <u>FOURTEENTH AMEND. 14TH U.S.C.A.</u>

APPELLANT WOULD NOW SHOW THE COURT IN A NOTORIZED STATEMENT THAT APPELLANTS STEPSON ALFREDO SANTILLAN, JR. MADE ON JANUARY 29TH, 2014. (PLEASE SEE <u>COURT R I R DEFENDANT'S EXHIBIT- 6</u>). APPELLANT STEPSON LIVED WITH APPELLANT AND STATE WITNESS FOR 2- 2 1/2 YEARS. THIS AFFADAVIT IS TRUE. MR. SANTILLAN did RETRIEVE A bottle OF PILLS FROM STATE WITNESS, BUT WHAT APPELLANT WOULD SHOW THE COURT IS THAT SANTILLAN HAD BEEN PLACED ON SIX YEARS PROBATION FOR POSS. WITH INTENT TO deliver drugs only A FEW MONTHS BEFORE HE SIGNED THIS STATEMENT. ABOUT TWO WEEKS BEFORE APPELLANT WAS TO GO TO TRIAL (MAY 22, 2014, MR. SANTILLAN WAS GOING TO BE REVOKED. THE STATE WITNESS WAS CALLED TO THE PROSECUTORS OFFICE, AND AT THAT TIME, THE PROBATION STOPPED Looking FOR him, AND AT TRIAL HE TESTIFIED AGAINST THE APPELLANT. THE STATE WITNESS HAD A PENDING ASSAULT CHARGE AGAINST HER, THAT TOO WAS dISMISS.

PAGE - 20.

## PRAYER

APPELLANT PRAYS THAT THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS hold ORAL ARGUMENT IN THIS CASE. IT WOULD hELP IF hEARD bECAUSE THERE ARE TWO STATEMENTS MADE uNdER OATH THAT CAN NOT POSSIbLy bE TRUE AT THE SAME TIME. APPELLANT bELIEFS THAT THE JUdGMENT OF THE TRIAL COURT bE REVERSED. APPELLANT WAS NEVER ChARGED. THE COURT AdMITTED EVIDENCE OF EXTRANEOUS OFFENSES. APPELLANT WAS NOT TAKEN TO A MAGISTRATE UNTIL SIX MONThS LATER. PROSECUTOR UNKNOWIN OR KNOWIGLY AdMITTED PERJURED TESTIMONY. APPELLANT did NOT RECEIVE A FAIR TRIAL.

RESPECTFULLY SUbMITTED,

Johnny Flores Navarro

APPELLANT PRO SE.
T.D.C.J. # 1931583
TULIA TRANSFER FACILITY
4000 HWY. 86. WEST
TULIA, TEXAS 79088

 

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON FEBRUARY 13, 2015, A TRUE AND CORRECT COPY OF APPELLANT'S MOTION AND BRIEF IN THIS CAUSE, WAS MAILED TO THE ATTORNEY FOR THE STATE BY U.S. FIRST CLASS MAIL ADDRESSED TO MR. JOHN BEST, ASSISTANCE DISTRICT ATTORNEY. 124 WEST BEAUREGARD, SAN ANGELO, TEXAS, 76903.

Johnny Flores Navarro
APPELLANT, PRO SE

I, JOHNNY FLORES NAVARRO, T.D.C.J. #1931583, BEING PRESENTLY INCARCERATED IN THE TULIA UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION IN SWISHER, COUNTY TEXAS, VERIFY AND DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT. EXECUTED ON THIS THE 13TH DAY OF FEBRUARY 2015.

Johnny Flores Navarro
APPELLANT, PRO SE #1931583
TULIA TRANSFER FACILITY
4000 HWY 86 WEST
TULIA, TEXAS 79088

PAGE-22.

## TETEXAS DEPARTMENT OF CRIMINAL JUSTICE** PAROLE DIVISION
## ADJUSTMENT STATEMENT

NAME: Navarro, Juan _____ TDCJ # 00602579 ___ SID # 02056526 _____

### SECTION I

Criminal History (Prior): DPS arrest/conviction information: Homicide – Involuntary (auto accident killing adult male passenger), dismissed; driving under influence of liquor, dismissed; misd. Criminal trespassing, fines; misd. Theft (2); claims jail, (2); misd. Terrorist threats ( claims threatened neighbors), 75 days jail; misd. Disorderly conduct by indecent exposure ( claims urinating in public), dismissed; aggravated robbery ( claims mistaken identity, denies any involvement or knowledge), dismissed; assault with deadly weapon ( hit adult female with fists, claims no injuries involved), dismissed ( per collateral contact with Brenda Englert of Tom Green County District Clerk's Office); misd. Theft of service, fines; sexual assault ( claims that adult female girlfriend accused him of rape, denies claims consensual intercourse and her getting mad at him), no charges filed ( per collateral contact with Brenda Engelert of Tom Green County District Clerk's Office); retaliation ( offender could not or would not provide information or details), dismissed.

### SECTION II

**A. Employment**

1. If employed, name of employer: **Disabled  not working**

Length of employment: **None**

2. If unemployed, how long unemployed: **Na disability**

Reason: **Na**

**B. Fees**

1. Supervision fees: Current (XX ), Deferred ( ), Arrears ( )

Explanations: _____

2. Restitution fees: Current ( ), Arrears ( )

Explanations: **Na**

### SECTION III

**A. Home/Marital**

Adjustment: ( ) Satisfactory ( ) Marginal  (XX) Unsatisfactory

Explain: Offender has 1-15-2013 Assault family/house hold member impede breathing/circulation felony pending same victim Minirva Lopez.

**B. Special Condition Compliance**

SC #  S : Substance Abuse Treatment

Adjustment: (XX) Satisfactory ( ) Marginal ( ) Unsatisfactory

Explain: Offender has not had no known issues with substance abuse at this point

SC #  0.01 : Reside in Legal County

Adjustment: (XX ) Satisfactory ( ) Marginal ( ) Unsatisfactory

Explain: Offender reporting as instructed

SC #  0.03 : Alcohol/Controlled Substance Testing

Adjustment: (XX ) Satisfactory ( ) Marginal ( ) Unsatisfactory

Explain: Offender has not tested  positive for illegal drugs

SC #  0.04 : Post Secondary Education Reimbursement

Adjustment: (XX) Satisfactory ( ) Marginal ( ) Unsatisfactory

Explain: Offender paying monthly as instructed

SC # V2 : Victim

Adjustment: ( ) Satisfactory ( ) Marginal (XX) Unsatisfactory

Explain: past victim injury by offender caused death, Current victim Minerva Lopez 2nd assault  1 year apart.

### SECTION I

**A. Arrest(s) since release-Date(s), Charge(s), Disposition(s), and Board action for each**

01/15/2013 Assault family/house hold member impede breathing/circulation felony- Pending jury trial no court date at this time, - Board Action ISF.

**B. Other reported violation(s)-ROV date(s), rule(s) alleged, and Board action for each None**

### SECTION V

**A.** Does the individual meet the criteria for EM and/or ISF-( XX ) Yes ( ) No  Indicate which  **EM**

**B.** Proposed plan if offender is continued on supervision:

Residence __713 West 16th San Angelo, Texas_____ (XX) Verified ( ) Not Verified

Employment  **None** _____ (XX ) Verified ( ) Not verified

_____  03/04/2014
Officer/Analyst Signature                              Date

PSV-32B  10/98

# FEBRUARY 13, 2015

TO JEFFREY D. KYLE, CLERK
   THIRD COURT OF APPEALS
   P.O. BOX 12547,
   AUSTIN, TEXAS 78711-2547

RE: APPELLANT MOTION; APPELLANT BRIEF;
   COURT OF APPEALS NO. 03-14-00401-CR.;
   TRIAL COURT CASE NO. A-13-0417-SA:

DEAR MR. KYLE:

ENCLOSED HEREWITH THIS LETTER PLEASE FIND APPELLANT MOTION AND BRIEF IN THE ABOVE RE-CAUSE NUMBER.

PLEASE FILE THESE INSTRUMENTS AND BRING TO THE ATTENTION OF THE COURT. I WOULD APPRECIATE YOUR CONSIDERATION, AND PLEASE ADVISE ME OF THE DATE OF FILING.

SINCERELY,

Johnny Flores Navarro

T.D.C.J. # 1931583
TULIA TRANSFER FACILITY
4000 HWY 86 WEST
TULIA, TEXAS 79088

CC: FILE
ENCL. MOTION + BRIEF
"EXHIBIT-A"

RECEIVED
FEB 23 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE



Juan Navarro #1931583
Tulia Transfer Facility
4000 Hwy. 86 West
Tulia Texas 79088

Jeffrey D. Kyle, Clerk

Third Court Of Appeals

P.O. Box 12547

Austin, Texas  78711-2547